[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11773
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00285-MHC-JSA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE MONTANO-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 5, 2019)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Enrique Montano-Garcia appeals his 70-month sentence for conspiracy to possess with intent to distribute 100 grams or more of heroin and possession with intent to distribute 100 grams or more heroin.  After careful review, we vacate his sentence and remand for further proceedings consistent with this opinion.

I.

Montano-Garcia pled to conspiracy to possess and possession with intent to distribute more than 100 grams of heroin.  The evidence showed Montano-Garcia couriered about $47,000 cash in drug proceeds to another person and stayed for about ten days in an apartment where law enforcement found 11 kilograms of heroin.  The presentence investigation report (PSR) calculated a guideline range of 135 to 168 months based on an offense level of 33 and a criminal history category of I.

Montano-Garcia objected to the offense level calculation.  He sought a three-point offense level reduction under U.S.S.G. § 3B1.2 for his role in the offense, which he characterized as between minor and minimal.  He maintains he acted as a one-time courier of money only.  He also objected to the amount of heroin attributed to him.  Law enforcement discovered 11 kilograms of heroin during their search of the apartment, but only two kilograms were in plain view. The PSR attributed all 11 kilograms to Montano-Garcia.

2

The district court sustained in part and denied in part Montano-Garcia's objections. On the government's concession, the district court found Montano-Garcia played a minor role in the conspiracy and so reduced the offense level by two points pursuant to U.S.S.G. § 3B1.2(b). But it overruled Montano-Garcia's drug-quantity objection. With the reduction, the district court calculated Montano-Garcia's guideline range as 78 to 97 months. The district court imposed a below-guideline sentence of 70 months.

Montano-Garcia timely appealed. He contends the district court erred by attributing all 11 kilograms of heroin to him and by denying his request for a three-point reduction under U.S.S.G. § 3B1.2. He also challenges his sentence's substantive reasonableness.

## II.

We review a district court's determination of the drug quantity attributable to a defendant for clear error. United States v. Almedina, 686 F.3d 1312, 1315 (11th Cir. 2012). An error is clear when we are "left with a definite and firm conviction that a mistake has been committed." Id. (quotation omitted). We are left with such a conviction in this case.

Under U.S.S.G. § 1B1.3, conspirators are accountable for "all acts and omissions of others that were within the scope of the jointly undertaken criminal activity," that were taken "in furtherance of that criminal activity," and that were

"reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). We have said this provision "requires the district court to determine first 'the scope of the criminal activity the particular defendant agreed to jointly undertake' in order to determine the relevant conduct for which a defendant may be held responsible." United States v. Presendieu, 880 F.3d 1228, 1245 (11th Cir. 2018) (quoting U.S.S.G. § 1B1.3 cmt. n.2 (2014)); see also U.S.S.G. § 1B1.3 cmt. n.3 (2016). This is so because "the scope of the 'jointly undertaken criminal activity' is not necessarily the same as the scope of the entire conspiracy, and hence relevant conduct is not necessarily the same for every participant." U.S.S.G. § 1B1.3 cmt. n.3. The Guidelines make clear that "[a]cts of others that were not within the scope of the defendant's agreement, even if those acts were known or reasonably foreseeable to the defendant, are not relevant conduct." Id. In keeping with this principle, this court has observed that when a defendant knows about a larger operation but agrees to play only small role, knowledge alone "does not amount to acquiescence in the acts of the criminal enterprise as a whole." United States v. Hunter, 323 F.3d 1314, 1320 (11th Cir. 2003). "Once a district court makes individualized findings concerning the scope of criminal activity undertaken by a particular participant, it then can determine foreseeability." Presendieu, 880 F.3d at 1245 (quotation omitted).

The Guidelines provide an illustration of this principle:

Defendant O knows about her boyfriend's ongoing drug-trafficking activity, but agrees to participate on only one occasion by making a delivery for him at his request when he was ill. Defendant O is accountable under subsection (a)(1)(A) for the drug quantity involved on that one occasion. Defendant O is not accountable for the other drug sales made by her boyfriend because those sales were not within the scope of her jointly undertaken criminal activity (i.e., the one delivery).

U.S.S.G. § 1B1.3, cmt. n.4(C)(v)).

The district court found that Montano-Garcia "was staying in the living room . . . of this stash house for a 10-day period" and "participated in a conspiracy in which he delivered a considerable amount of money which he knew was money dealing with the distribution of heroin." Continuing, it found that the fact Montano-Garcia was only in the apartment for 10 days did not mean Montano-Garcia could not foresee the amount of heroin involved. It found that the heroin was discovered in places "that were accessible [to Montano-Garcia] when he stayed during the 10-day period in the" apartment. Finally, it found that Montano-Garcia's participation in the conspiracy, which included couriering $47,000 cash to another individual, "certainly makes it foreseeable that he knew there could have been other heroin in the same place that he was staying." This foreseeability finding is not clearly erroneous.

However, the district court did not make a finding on the scope of Montano-Garcia's participation in the conspiracy. It is not enough that Montano-Garcia could reasonably have foreseen that more heroin was involved. To hold Montano-

Garcia accountable for the entire 11 kilograms, the district court had to find that all 11 kilograms were part of the criminal activity Montano-Garcia agreed to undertake.  We are particularly convinced of clear error because the district court found in its analysis of the 3553(a) factors that "the evidence doesn't show that [Montano-Garcia] was actively involved with respect to the other heroin."  Instead, the court found that Montano-Garcia "was a drug courier, pure and simple, in this case."

On remand, the district court should determine the scope of Montano-Garcia's agreed-upon criminal activity before determining what drug quantity was reasonably foreseeable.

### III.

We review for clear error a district court's determination of the defendant's role in the offense, providing the district court with discretion in making this fact-based determination.  United States v. De Varon, 175 F.3d 930, 946 (11th Cir. 1999) (en banc).  Here again we find clear error.

U.S.S.G. § 3B1.2 provides for a four-level reduction if a defendant was a minimal participant in the criminal activity, a two-level reduction if a defendant was a minor participant, and a three-level reduction if a defendant's role falls between a minimal and minor role.  United States v. Wenxia Man, 891 F.3d 1253, 1274 (11th Cir. 2018); U.S.S.G. § 3B1.2.  A "minimal participant" means a

6

defendant who is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2 cmt. n.4. A "minor participant" means a defendant who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." Id. § 3B1.2 cmt. n.5. The defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to a mitigating role reduction. Wenxia Man, 891 F.3d at 1274.

In determining whether a mitigating role adjustment applies, we have said the district court should first consider "the defendant's role in the relevant conduct for which he has been held accountable at sentencing, and, second, his role as compared to that of other participants in his relevant conduct." Id. "The district court must consider all of the facts probative of [his] role in his relevant conduct and evaluate the totality of the circumstances and . . . the facts of each particular case." Id. (quotation marks and citations omitted); see also U.S.S.G. § 3B1.2 cmt. n.3(C). "To assist courts with this task, the Guidelines provide a non-exhaustive list of factors, such as the degree to which the defendant understood the scope and structure of the criminal activity, the degree to which the defendant participated in planning or organizing the criminal activity, the degree to which the defendant exercised or influenced the exercise of decision-making authority, the nature and extent of the defendant's participation, and the degree to which the defendant stood to benefit." Wenxia Man, 891 F.3d at 1274 (quotation marks omitted and

7

alterations adopted); U.S.S.G. § 3B1.2 cmt. n.3(C).  In <u>Presendieu</u>, this court recently held that making the role reduction decision based solely on one factor constitutes legal error.  880 F.3d at 1250.

The district court found that Montano-Garcia's role in the conspiracy was less than that of his co-conspirator.  But it ruled Montano-Garcia was not entitled to a three-point reduction because "he pled guilty to conspiracy to distribute heroin in this case, which means he was aware of the enterprise."  This appears to be the sole factor the district court considered, and so we must vacate based on our decision in <u>Presendieu</u>, 880 F.3d at 1250.  On remand, the district court should evaluate the totality of the circumstances of Montano-Garcia's involvement in the conspiracy.  Again, we note the district court found both that "the evidence doesn't show that [Montano-Garcia] was actively involved with respect to the other heroin" and that Montano-Garcia "was a drug courier, pure and simple, in this case."

Because we vacate the sentence on these two grounds, we do not reach the issue of whether Montano-Garcia's sentence was substantively unreasonable.

**VACATED AND REMANDED.**

8